# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

COURTNEY JOHNSON,

    Plaintiff,

    v.     CAUSE NO. 2:25-CV-191-TLS-AZ

CITY OF MARION, INDIANA, et al.,

    Defendants.

## OPINION AND ORDER

Courtney Johnson, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Johnson alleges that, on July 6, 2024, he was arrested without probable cause by Grant County Police Officers Scott Fletcher, Greg Kelly, and Chris McAninch. Johnson reports that the police were chasing individuals who had fled from a vehicle on foot. He was an innocent bystander who happened to be in the area where police were searching for the individuals who had fled. Johnson does not describe his encounter with the defendants, but it led to seven criminal charges. *See Johnson v. State*, No. 27C01-2407-F2-000018 (Grant Circuit Ct. filed July 9, 2024), available at mycase.in.gov.[1] Those charges remain pending.

---

[1] The court is permitted to take judicial notice of public records at the pleading stage. *See* Fed. R. Evid. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018).

While unclear from his complaint, Johnson appears to be suing the officers for false arrest because they were allegedly wrong about him being one of the individuals who fled from the vehicle. To prevail on a false arrest claim brought pursuant to the Fourth Amendment, the plaintiff must show a lack of probable cause. *McBride v. Grice*, 576 F.3d 703, 706-07 (7th Cir. 2009); *Simmons v. Pryor*, 26 F.3d 650, 654 (7th Cir. 1993). "Probable cause is an absolute defense to any claim under § 1983 for wrongful arrest or false imprisonment." *Bailey v. City of Chicago*, 779 F.3d 689, 694 (7th Cir. 2015); *see Norris v. Serrato*, 761 Fed. App'x 612, 615 (7th Cir. 2019) (explaining that the existence of probable cause precludes § 1983 claims "for an allegedly unreasonable seizure, whether a false arrest or a wrongful pretrial detention"). "Police officers have probable cause to arrest an individual when the facts and circumstances within their knowledge and of which they have reasonably trustworthy information are sufficient to warrant a prudent person in believing that the suspect had committed an offense." *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006); *see Whitlock v. Brown*, 596 F. 3d 406, 411 (7th Cir. 2010) ("[P]robable cause is a common-sense inquiry requiring only a probability of criminal activity; it exists whenever an officer or a court has enough information to warrant a prudent person to believe criminal conduct has occurred.").

Being wrong about Johnson being one of the individuals that was fleeing does not mean that there was not probable cause to detain or arrest him. While details are lacking, Marion City Court Judge Joshua D. Howell made a finding that there was probable cause to arrest Johnson. Johnson does not indicate that the probable cause finding was based on false statements by the defendants or point to any other deficiency in the finding. Because Johnson has not alleged facts from which it could be plausibly inferred that he was arrested without probable cause, he may not proceed against the officers on a false arrest claim.

Even if Johnson had alleged a viable false arrest claim, that claim would be precluded by *Younger*. Under the *Younger* abstention doctrine, "federal courts must abstain from taking jurisdiction over federal constitutional claims that may interfere with ongoing state proceedings." *Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). This is because "underlying principles of comity, equity, and federalism" are at play in such situations. *J.B. v. Woodard*, 997 F.3d 714, 724 (7th Cir. 2021). Here, Johnson seems to claim he is innocent of the pending criminal charges filed against him and the officers had him falsely charged. This claim involves "issues that may be litigated during the course of his criminal case." *Gakuba*, 711 F.3d at 753. "Deciding those issues in federal court could undermine the state court proceeding[.]" *Id.*

Johnson has also sued the LaPorte County Police Department and the City of Marion, Indiana. Municipalities can be sued under 42 U.S.C. § 1983 for constitutional violations as described in *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). However, such entities cannot be held vicariously liable for the unconstitutional acts of their employees under a theory of *respondeat superior*. *See, e.g., Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 653 (7th Cir. 2021); *J.K.J. v. Polk Cnty.*, 960 F.3d 367, 377 (7th Cir. 2020); *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008). The three elements required "to establish a *Monell* claim—policy or custom,[2] municipal fault, and moving force causation—are by now familiar. And they must be scrupulously applied to avoid a claim for municipal liability backsliding into an impermissible claim for vicarious liability." *Bohanon v. City of Indianapolis*, 46 F.4th 669, 676 (7th Cir. 2022) (internal quotation marks and citation omitted); *see Howell*, 987 F.3d at 654. (The

---

[2] The Seventh Circuit has "recognized three types of municipal action that can support municipal liability under § 1983: (1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *Bohanon v. City of Indianapolis*, 46 F.4th 669, 675 (7th Cir. 2022) (internal quotation marks and citation omitted).

purpose of these requirements is to "distinguish between the isolated wrongdoing of one or a few rogue employees and other, more widespread practices."). Here, Johnson has not identified any policies or customs by the Grant County Police Department or the City of Marion that caused him constitutional harm. Therefore, he may not proceed against the Grant County Police Department or City of Marion.

This complaint does not state a claim for which relief can be granted. While the court will allow Johnson to file an amended complaint, if he is able to state a false arrest claim, this matter would need to be stayed pending resolution of his criminal charges. *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Courtney Johnson until **August 25, 2025**, to file an amended complaint; and

(2) CAUTIONS Courtney Johnson if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on July 29, 2025.

> s/ Theresa L. Springmann
> JUDGE THERESA L. SPRINGMANN
> UNITED STATES DISTRICT COURT

4