**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

COURTNEY JOHNSON,

Plaintiff,

v.

SCOTT FLETCHER, et al,

Defendants.

CAUSE NO. 2:25-CV-191-TLS-AZ

**OPINION AND ORDER**

Courtney Johnson, a prisoner without a lawyer, filed an amended complaint. ECF 12. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Johnson's amended complaint alleges that, on July 6, 2024, he was arrested by Grant County Police Officers Scott Fletcher, Greg Kelly, and Chris McAninch. Johnson asserts that the arresting officers lacked probable cause to arrest him. Johnson indicates that the police were chasing individuals who had fled from a vehicle on foot, and there was no evidence, outside of his location, that connected Johnson to that vehicle. Johnson does not describe his encounter with the defendants, but it led to criminal charges. *See Johnson v. State*, No. 27C01-2407-F2-000018 (Grant Circuit Ct. filed July 9, 2024), available at mycase.in.gov.[1] Johnson was found guilty of

---

[1] The court is permitted to take judicial notice of public records at the pleading stage. *See* Fed. R. Evid. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018).

the following charges stemming from his arrest on July 6, 2024: (1) Dealing in Methamphetamine; (2) Dealing in a Narcotic Drug; (3) Criminal Recklessness; (4) Resisting Law Enforcement but Defendant Uses a Vehicle; (5) Driving While Suspended; and (6) Reckless Driving.

Johnson is suing Officer Chris McAninch for arresting him without probable cause. He is also suing Officer Gage Kelly and Officer Scott Fletcher for failing to intervene in Officer McAninch's allegedly unlawful arrest of Johnson. To prevail on a false arrest claim brought pursuant to the Fourth Amendment, the plaintiff must show a lack of probable cause. *McBride v. Grice*, 576 F.3d 703, 706-07 (7th Cir. 2009); *Simmons v. Pryor*, 26 F.3d 650, 654 (7th Cir. 1993). "Probable cause is an absolute defense to any claim under § 1983 for wrongful arrest or false imprisonment." *Bailey v. City of Chicago*, 779 F.3d 689, 694 (7th Cir. 2015); *see also Norris v. Serrato*, 761 Fed. Appx. 612, 615 (7th Cir. 2019) (explaining the existence of probable cause precludes § 1983 claims "for an allegedly unreasonable seizure, whether a false arrest or a wrongful pretrial detention"). "Police officers have probable cause to arrest an individual when the facts and circumstances within their knowledge and of which they have reasonably trustworthy information are sufficient to warrant a prudent person in believing that the suspect had committed an offense." *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006); *see also Whitlock v. Brown*, 596 F. 3d 406, 411 (7th Cir. 2010) ("[P]robable cause is a common-sense inquiry requiring only a probability of criminal activity; it exists whenever an officer or a court has enough information to warrant a prudent person to believe criminal conduct has occurred.").

Even assuming, arguendo, that Johnson was not one of the individuals fleeing, that does not mean there was no probable cause to detain or arrest him. Johnson claims Officer McAninch

2

falsely represented that Johnson was both the driver and the owner of the vehicle involved in a traffic violation and whose driver led officers on a chase. In deposition testimony, Officer McAninch conceded he was not able to identify Johnson as an occupant of the vehicle while in pursuit. He further conceded that Johnson did not fit the description of the occupants that fled the vehicle. Johnson does not provide any further details. The deposition excerpt he does provide indicates that both drones and canines were used to track the individuals that fled the vehicle, but it is unclear what information Officer McAninch had learned from these or other sources at the time he arrested Johnson.

Despite the existence of any such discrepancies, Johnson may not proceed here because his claim is barred by *Heck v. Humphrey,* 512 U.S. 477 (1994).

> In *Heck v. Humphrey,* 512 U.S. 477, 487, 114 S.Ct. 2364, 2372–2373, 129 L.Ed.2d 383 (1994), this Court held that a state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated.

*Edwards v. Balisok*, 520 U.S. 641, 643 (1997) (quotation marks omitted). A finding that Johnson's arrest on July 6, 2024, was unlawful would be inconsistent with the finding that he is guilty of resisting law enforcement by using a vehicle, driving while suspended, and reckless driving on July 6, 2024. Thus, Johnson cannot proceed on any claim stemming from his assertion that he was arrested without probable cause until his convictions of offenses inconsistent with a finding in his favor on his wrongful arrest claims are overturned.

In short, any wrongful arrest claim Johnson may have stemming from his July 6, 2024 arrest is not yet ripe. Furthermore, it is frivolous to challenge the lawfulness of his arrest by filing his amended complaint after he had been found guilty of these offenses but before his convictions have been aside. Thus, the court will dismiss this claim as frivolous but without

prejudice to Johnson's right to refile it if he is able to have his convictions vacated in a separate proceeding.

This case is DISMISSED WITHOUT PREJUDICE as frivolous under 28 U.S.C. § 1915A.

SO ORDERED on April 23, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

4